Victor Hernandez Sr. ADC # 242848
Name and Prisoner/Booking Number

ASPC Eyman Complex · Browning Unit
Place of Confinement

Po Box 3400
Mailing Address

Florence, Arizona 85132
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

☐ FILED   ☒ LODGED

# Feb 21 2020

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Victor Ted Hernandez ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) Paul Penzone ,
(Full Name of Defendant)

(2) "and others" ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☒ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV-19-05623-PHX-SMB (JZB)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**
"JURY TRIAL DEMANDED"

☐ Original Complaint
☐ First Amended Complaint
☒ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: Maricopa County 4th Avenue Jail, Phoenix

Revised 3/11/16

1

**550/555**

(1 of 29)

(2) Joseph Arpaio

(3) Steve Bailey

(4) Unknown Spurgin A8327

(5) Kim Seagraves

(6) Art Alcala

(7) Unknown A7808

(8) Unknown B0326

(9) Daniel Gomez

(10) Bret Marty

(11) Tara Spaulding

(12) Antonio Atencia

(13) Clint Davis

(14) Felix Loya

(15) Unknown Sandoval

(16) Alex Mendez

(17) Julian Verdin

(18) Isreal Gonzales

(19) Unknown Malast

(20) Brad Landry

(21) Unknown Williamson

(22) Gina Glover

(23) Scott Frye

(24) Rick Wilson

(25) Jacob Doyle

(26) Aldo Felix

(27) Dave Parra

(28) Connie Davison

(29) Clint Davis

(30) Donald Bent

(31) Sean Hall

(32) Blaine Gadow

(33) Ellen Dahl

(34) William Montgomery

(Each Defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint, each Defendant acted under the color of state law)

## B.  DEFENDANTS

1.  Name of first Defendant: _Paul Penzone_____.  The first Defendant is employed
as: _Sheriff_____ at _Maricopa County Sheriff's Office (MCSO)_____.
          (Position and Title)                                                  (Institution)

2.  Name of second Defendant: _Joseph Arpaio_____.  The second Defendant is employed as:
as: _Sheriff_____ at _MCSO_____.
          (Position and Title)                                                  (Institution)

3.  Name of third Defendant: _Steve Bailey_____.  The third Defendant is employed
as: _Captain_____ at _MCSO_____.
          (Position and Title)                                                  (Institution)

4.  Name of fourth Defendant: _Unknown Spurgin A8327_____.  The fourth Defendant is employed
as: _Captain_____ at _MCSO_____.
          (Position and Title)                                                  (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☒ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____

   b.  Second prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____

   c.  Third prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

(4 of 29)

(5) Kim Seagraves, Lieutenant, MCSO 4TH Ave Jail

(6) Art Alcala, Lieutenant, MCSO 4TH Ave Jail

(7) Unknown, A7808, Custody Bureau Hearing Lieutenant Commander, MCSO 4TH Ave Jail

(8) Unknown, B0326, Custody Bureau Hearing Sergeant, MCSO 4TH Ave Jail

(9) Daniel Gomez, A6595, Jail Intel Sergeant, MCSO 4TH Ave Jail

(10) Bret Marty, A7657, Jail Intel Sergeant, MCSO 4TH Ave Jail

(11) Tara Spaulding, A8736, Jail Intel Sergeant, MCSO 4TH Ave Jail

(12) Antonio Atencia, A9093, Jail Intel Officer, MCSO 4TH Ave Jail

(13) Clint Davis, B3654, Jail Intel Officer, MCSO 4TH Ave Jail

(14) Felix Loya, B0157, Jail Intel Officer, MCSO 4TH Ave Jail

(15) Unknown Sandoval, Jail Intel Officer, MCSO 4TH Ave Jail

(16) Alex Mendez, A8954, Jail Intel Officer, MCSO 4TH Ave Jail

(17) Julian Verdin, B2092, Jail Intel Officer, MCSO 4TH Ave Jail

(18) Isreal Gonzales, B1396, Jail Intel Officer, MCSO 4TH Ave Jail

(19) Unknown Malast, Jail Intel Officer, MCSO 4TH Ave Jail

(20) Brad Landry, Jail Intel Officer, MCSO 4TH Ave Jail

(21) Unknown Williamson, Jail Intel Officer, MCSO 4TH Ave Jail

(22) Gina Glover, A6574, Inmate Classification Specialist, MCSO 4TH Ave Jail

(23) Scott Frye, External Referee, MCSO 4TH Ave Jail

(24) Rick Wilson, External Referee, MCSO 4TH Ave Jail

(25) Jacob Doyle, S1302, Sergeant, MCSO

(26) Aldo Felix, S1569, Officer, MCSO

(27) Dave Parra, S1188, Officer, MCSO

(28) Connie Davison, S1198, Officer, MCSO

(29) Clint Davis, 5101, Officer, Phoenix Police Department (PPD)

(30) Donald Bent, 5479, Officer, Phoenix Police Department (PPD)

(31) Sean Hall, 6563, Officer, Phoenix Police Department (PPD)

(32) Blaine Gadow, Attorney, Maricopa County Public Defender

(33) Ellen Dahl, Prosecutor, Maricopa County Attorney's Office

(34) William Montgomery, Prosecutor, Maricopa County Attorney's Office

(Each Defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint, each Defendant acted under the color of state law)

# D.   CAUSE OF ACTION

## COUNT I

1.   State the constitutional or other federal civil right that was violated:  8th Amendment of the United States Constitution

2.   **Count I.**   Identify the issue involved.   Check **only one.**   State additional issues in separate counts.

☐ Basic necessities             ☐ Mail                  ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings      ☐ Property              ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety      ☒ Other: Conditions of Confinement

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

1) I have been detained over 3,400 days in the Maricopa County Sheriff's Office 4th Ave Jail's solitary confinement units.
2) I survived all these years in an illuminated, windowless cell alone, without a cellmate, television, radio, tennis shoes, job, letters, contact visits, higher education, rehabilitative programs or recreational activity in a congregate setting.
3) I have not been given, nor have I been allowed to purchase, tennis shoes, therefore I have not been able to have vigorous physical exercise.
4) I am allowed access to a "recreation pen" for one hour a day that is bare and layered with urine and feces. There is no sunlight.
5) I am served all meals in my cell. I shower in my cell. The only physical human contact I have is when I am shackled for Court.
6) Like an animal in a zoo, two groups of children and adults walk through weekly staring, pointing and laughing at me.
7) I am fed only twice a day with soy butter in the morning and soy beans at night, along with rotten fruit and vegetables.
8) In the winter time, the heater in my cell is never turned on. Instead cold air blows out of the vent.
9) In the summer time, the air conditioner is never turned on. Instead there is no air flow of any kind out of the vent.
10) There are no mirrors of any kind installed in any cell at the 4th Ave Jail.
11) Thick quilt like blankets are given out during the summer. Thin sheet like blankets are given out during the winter.
12) Paul Penzone and Joseph Arpaio have been the sheriff's for MCSO since my detention. They are legally responsible for the overall operation of the 4th Ave Jail and have created, maintained and/or allowed all of the above conditions to continue, despite the harm it causes.
13) On January 7, 2019, I submitted a Grievance to this ongoing constitutional violation and was denied a hearing by Lt. Unknown A7808.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

Plaintiff realleges and incorporates by reference paragraphs 1-13. The conditions of confinement maintained by Paul Penzone and Joseph Arpaio are cruel and unusual and have physically injured me by causing my legs to shrivel and forced my body to function without the proper nutrients. I have contracted staph infection, I have been diagnosed Severely Mentally Ill, and I have anxiety. Lt. Unknown A7808 showed a deliberate indifference and allowed this harm.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☒ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count I?              ☒ Yes    ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?     ☒ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

## COUNT II

1. State the constitutional or other federal civil right that was violated: 1st Amendment of the United States Constitution.

2. **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☒ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

14) Plaintiff realleges and incorporates by reference paragraphs 1-13 from COUNT 1.
15) On January 7, 2019, I submitted Grievances regarding my continued confinement in solitary and the misconduct of several officers within MCSO.
16) On June 6, 2019, I was finally released from solitary after nine years, with no apology or explanation and placed in the 4th Ave Jail General Population.
17) On or around July 7, 2019, I received a video visit and asked if my visitor could contact someone in the American Civil Liberties Union who could help me in bringing forth a lawsuit against the MCSO.
18) On July 11, 2019, I was removed from General Population without cause, and placed back in solitary at the behest of Captain Unknown Spurgin A8327 without any type of due process hearing.
19) On July 12, 2019, I submitted Grievances regarding this incident and was denied a hearing by External Referee Rick Wilson.
20) Due to my Grievances, the contents of my visit, my lack of disciplinary tickets in General Population, the timing of my move, the fact that I was the only detainee sent to solitary and Spurgin and Wilson's generic response, I believe my placement back in solitary was done in retaliation out of malice, prejudice and vindictiveness for exercising my right to redress Grievances in preperation for this civil rights lawsuit.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

Plaintiff realleges and incorporates by reference paragraphs 1-20 from COUNT II. The actions by Spurgin and Wilson have caused a chilling effect on my 1st Amendment Right to redress Grievances in preperation of this lawsuit. Wilson showed a deliberate indifference and allowed this harm to continue. Spurgin and Wilson knew they were harming me, therefore their actions were done with malice, prejudice and vindictiveness.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

(8 of 29)

## COUNT III

1. State the constitutional or other federal civil right that was violated: 8th Amendment of the United States Constitution

2. **Count III.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☒ Other: Classification Proceedings (SMRC)
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

21) Plaintiff realleges and incorporates by reference paragraphs 1-20 from COUNT II.
22) In the MCSO 4th Ave Jail, the Special Management Review Committee (SMRC) makes decisions on all detainees classification status, placement in solitary and their continued confinement in solitary.
23) The SMRC is comprised of Captain Spurgin A8327, Lieutenant Art Alcala, Sergeant Daniel Gomez, Sergeant Bret Marty, Sergeant Tara Spaulding, Antonio Atencia, Clint Davis, Felix Loya, Unknown Sandoval, Julian Verdin, Isreal Gonzales, Unknown Malast, Brad Landry, Unknown Williamson and Gina Glover.
24) On February 26, 2010, I was placed in the MCSO 4th Ave Jail General Population, after being arrested by Clint Davis.
25) On April 15, 2010, I was removed from General Population without cause, by all members of SMRC, and placed in solitary confinement.
26) For months, I was denied any type of relief until I spoke to the officers that participated in my arrest, such as Antonio Atencia.
27) Once a month I would ask Gina Glover if I could be released from solitary. She would laugh telling me to "Talk to Jail Intel."
28) On January 7, 2019, still in solitary, I submitted a Grievance regarding SMRC members and was denied without a hearing by Lieutenant Unknown A7808.
29) I have never been allowed to attend a SMRC hearing and be heard or question SMRC on their reasoning for keeping me in solitary.
30) And even after I served my disciplinary sanctions, I was never released back to General Population like other detainees.
31) I have survived over 3,000 days past my sanctions, in solitary confinement, under brutal conditions, never once being told the necessary steps I need to take to exit solitary.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
Plaintiff realleges and incorporates by reference paragraphs 1-31 from COUNT III. Spurgin, Alcala, Gomez, Marty, Spaulding, Atencia, Davis, Loya, Sandoval, Verdin, Gonzales, Malast, Landry, Williamson and Glover have physically injured me by causing my legs to shrivel in solitary; deprived me of my limited liberty; and have caused psychological injury as I am depressed and now Severely Mentally Ill. Lt. Unknown A7808 showed a deliberate indifference and allowed this harm.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

5

(9 of 29)

D. Cause of Action                    COUNT IV

1. Constitutional Right: 14th Amendment of the United States Constitution

2. Issue: Classification Proceedings (SMRC)

3. Facts: 32) Plaintiff realleges and incorporates by reference paragraphs 1-31 from COUNT III.

4. Injury: Plaintiff realleges and incorporates by reference paragraphs 1-32 from COUNT IV. Spurgin, Alcala, Gomez, Marty, Spaulding, Atencia, Davis, Loya, Sandoval, Verdin, Gonzales, Malast, Landry, Williamson and Glover have knowingly and intentionally violated my substantive and procedural due process rights by denying me the opportunity to attend a SMRC hearing and be heard or be told the necessary steps I need to take to exit solitary. The above actions by Spurgin, Alcala, Gomez, Marty, Spaulding, Atencia, Davis, Loya, Sandoval, Verdin, Gonzales, Malast, Landry, Williamson and Glover - specifically their collective decision to banish me to solitary for nine years with no way to exit - have physically injured me because my legs have shriveled due to the duration and limited mobility in solitary and the lack of tennis shoes to engage in recreational activity; My limited liberty was restricted compared to other General Population detainees as I was locked down for 23 hours a day in an illuminated cell, all by myself, with almost no physical human contact; deprived of the ability to use the phone longer than one hour a day; attend educational, rehabilitative and parenting programs; watch television; associate with other detainees; receive a haircut by someone; attend outdoor recreation in a congregate setting with the ability to play sports; and I have gone without the most basic acts of humanity, such as receiving a hug from another human being. This prolonged social isolation has caused psychological distress such as anxiety, confused thought process, emotional flatness, social withdrawl, oversensitivity to stimuli and paranoia; mental and emotional injury as I have recently been diagnosed Severely Mentally Ill and I am constantly depressed; and embarrassment and humiliation due to the weekly tour groups of adults and children walking through solitary staring, pointing and laughing at me.

Lt. Unknown A7808 showed a deliberate indifference and allowed this harm to continue.

Gina Glover showed a deliberate indifference and allowed this harm to continue.

Spurgin, Alcala, Gomez, Marty, Spaulding, Atencia, Davis, Loya, Sandoval, Verdin, Gonzales, Malast, Landry, Williamson and Glover knew what they were doing was harming me, therefore their actions were done with malice, prejudice and vindictiveness.

5. Administrative Remedies: A) Yes B) Yes C) Yes

D. Cause of Action                    COUNT V

1. Constitutional Right: 1ST Amendment of the United States Constitution

2. Issue: Retaliation

3. Facts: 33) Plaintiff realleges and incorporates by reference paragraph 1-32 from COUNT IV.

34) The following outlines a continuing course of misconduct and constitutional violations ▓▓▓▓▓▓▓▓▓▓

35) On January 29, 2009 - after months of Clint Davis, Steve Denny and Donald Bent conducted surveillance on me and found nothing - they falsely reported to PPD that I chased them with a gun in my vehicle. I was pulled over, handcuffed and laid on the asphalt for 30 minutes while they searched me, my vehicle and my newborn daughter's diaper. When nothing illegal was found, Davis stated, "I'm going to get you motherfucker."

36) A message was then posted on my Myspace.com page by the PPD Gang Task Force stating, "We're coming to get you."

37) Davis was part of a multi-agency gang unit called G.I.I.T.E.M. and the PPD Gang Unit.

38) On February 25, 2010 at 12:43 pm, I was arrested by PPD Gang Unit in CR2010-110791 and requested counsel.

39) On February 25, 2010 at 4:06 pm, Davis attempted to re-interview me. Again I requested counsel. Davis ignored this request and attempted to recruit me as his informant. I refused. In response, he gave me a traffic ticket.

40) Then Sean Hall, a member of G.I.T.E.M. and the PPD Gang Unit, wrote a false report stating I made comments to him that were incriminating.

41) On February 26, 2010, I was placed in the MCSO 4TH Ave Jail General Population as a pre-trial detainee.

42) Several weeks later, Antonio Atencia, a member of G.I.I.T.E.M. and MCSO Jail Intel, attempted to interview me. Again, I requested counsel. Atencia ignored this request and attempted to recruit me as his informant. I refused.

43) In response, Atencia, Daniel Gomez and Bret Marty falsely reported that I was involved in "racial riots." On April 15, 2010, I was removed from General Population because of this lie and placed in solitary.

44) This was the beginning of a pervasive pattern of retaliation, harassment and misconduct for exercising my right to counsel.

45) In April of 2010, my court appointed attorney Blaine Gadow visited me at 4TH Ave. I professed my innocence in CR2010-110791 and relayed to him the above information. After questioning me at length regarding CR2010-110791, Gadow revealed that he was best friends with Davis and wanted me to become Davis' informant. I refused. He then withdrew from my case.

46) On July 20, 2010, Atencia, Gomez and Aldo Felix conducted a warrantless search of my jail cell attempting to collect evidence in CR2010-110791. They seized everything including attorney-client communications.

## COUNT V (Continued)

47) From 2010-2012, Atencia, Gomez, Felix Loya and Isreal Gonzales, the latter both members of G.I.I.T.E.M. and Jail Intel, continued their unsolicited attempts to interview me. On three seperate occasions they had detention officers place me in a utility closet. They falsely told me I was on a "hit list" to be murdered and if I cooperated with them in criminal investigations against other people, they would change the outcome of my case. I refused.

48) In 2013, the Honorable Karen O'Conner returned all of the items seized by Atencia, Gomez and Felix in their July 20, 2010 warrantless search of my cell and admonished the officers for abusing their authority.

49) Around the same time, Loya, Atencia and Gomez had me placed in the utility closet with F.B.I. informant Hector Gamez-Valenzuela. Valenzuela then attempted to ███████ elicit inculpatory statements from me. I refused to speak to him. Loya, Atencia and Gomez attempted to question me regarding CR2010-110791. I requested counsel.

50) Shortly after, Loya, Atencia, Gonzales and Gomez moved Raymond Llamas next door to me and then attempted to bribe him with food, magazines and money to assault me and "spread rumors" about me in the jail and prison system.

51) In March of 2014, Atencia and Loya escorted Felix to my jail cell; Felix was concealing a recording device and attempted to obtain inculpatory statements from me without my attorney present.

52) On June 28, 2014, Loya, Atencia, Gonzales, Gomez, Julian Verdin and Brad Landry placed me in a holding cell. Atencia then asked me, "What would you do if a cop wanted you murdered?" I responded that I would stay alive.

53) Afterwards Landry wrote a false Incident Report (IR) stating he found a handcuff key in my cell. This allegation was used to place me on Special Response Team (SRT) escort.

54) An IR is different than a Disciplinary Action Report (DAR). An IR is placed in the detainees file without his knowledge and has no way to defend himself against the allegations. A DAR is given to the detainee.

55) I have never been given a DAR for the handcuff key, nor have I been given criminal charges. Still, this lie was used to continue to house me in solitary confinement.

56) SRT members wear tactical gear and carry non-lethal weapons in the jails and fully automatic weapons outside the jail. They would escort me to and from court chained and shackled.

57) After years of this mistreatment, I finally relented and asked to speak to Jail Intel in an effort to get off of SRT escort and be released back into General Population. A few days later, Atencia and Gomez had me placed in the utility closet with an unknown F.B.I. profiler. Atencia and Gomez then attempted to question me about CR2010-110792. I requested counsel. Atencia placed me back in my cell angrily yelling that I'll be in solitary "forever."

COUNT V (Continued)

58) In September and October of 2014, a Motion To Disqualify The MCAO was filed, from prosecuting CR2010-110791, by attorneys Taylor Fox and Natalee Segal, Blaine Gadow became an MCAO prosecutor and ~~repeatedly lied to the Court about his continued participation in my case.~~ repeatedly lied to the Court about his continued participation in my case.

59) In March of 2015, the Motions To Disqualify The MCAO was denied. A special action was filed in Appeals Court.

60) In May of 2015, Unknown Malast, Davis and Bent pulled Johnny Morales out of the cell next to mine, drove him to PPD headquarters and attempted to have Morales obtain inculpatory statements from me without my attorney present. Morales refused but asked Davis, "Why are you so interested in getting a confession from Victor now?" Davis responded, "It's personal. If I could put him in a room, I'd kill Victor myself."

61) On August 6, 2015, a Settlement Conference was held. MCAO prosecutor Ellen Dahl was present with Davis and Bent. At the hearing, Dahl threatened me by saying that if I did not sign the plea and leave the jail, I was going to be in a bad spot because - with her social connections - I was going to be know as a snitch in the jail. I said, "No. Don't. Please stop. Don't plan anything. It's not worth it." This is stated for the truth.

62) Starting in September of 2015, Davis inserted my police report - unredacted - in to other detainees discovery, including but not limited to, Randy Robles and Angel Garcia. Garcia was a witness for the state in CR2010-110791. These detainees were non-co-defendants of mine and the case was still pending.

63) Then to create the false impression that I was a snitch, Dave Parra wrote a police report saying, "Mr. Hernandez talked on two other inmates and got them arrested." Parra placed this report - unredacted - into other detainees discovery, including but not limited to, Janel Cruz.

64) Finally, Kim Seagraves, Steve Bailey, Daniel Gomez and Tara Spaulding moved Randy Robles and Matthew Cheathum into the cells surrounding mine. Robles and Cheathum are informants for Jail Intel.

65) On March 8, 2016, an Evidentiary Hearing was held and Kim Seagraves testified for the State. Before the hearing, Parra made an uppercut punching motion upon seeing me. Seagraves gave perjured testimony claiming the MCAO never communicated with MCSO to move the inmates by me and Seagraves testified she had no idea who moved the detainees or why. The motion was denied.

66) At this time - unbeknownst to my counsel and I - the MCAO, PPD, MCSO and FBI started a joint investigation titled "Operation Fallen Eagle", in September 2015. Loya, Atencia, Gomez, Felix, Parra, Bent, Davis, Verdin, Malast, Seagraves, Gonzales, Landry, Steve Bailey, Jacob Doyle, Tara Spaulding, Alex Mendez and Connie Davison placed warrantless

## COUNT V (Continued)

microphones in and around my jail cell, while simultaneously moving their informants by me armed with my discovery, such as but not limited to, Randy Robles.

67) The microphones from Operation Fallen Eagle recorded non stop, for over a year, with Loya, Atencia, Gomez, Felix, Parra, Bent, Davis, Verdin, Malast, ¬Seagraves, Gonzales, Landry, Bailey, Doyle, Spaulding, Mendez, Davison, Dahl and Maricopa County Attorney William Montgomery listening to myself and other pre-trial detainees communicate with each other and with our attorneys and legal team members, both telephonically and during jail cell visits. Operation Fallen Eagle was not done for the safety and security of the jail, it was done in hopes of obtaining a statement from me that could justify my incarceration and isolation.

68) Dahl spearheaded Operation Fallen Eagle, stepping out of the prosecutorial position, into an investigative position and gave advice to police during the criminal investigation.

69) Montgomery authorized the warrantless use of electronic surveillance on me in Operation Fallen Eagle, stepping out of the prosecutorial position, into an investigative position and gave advice to police during the criminal investigation.

70) In October of 2017, Spaulding and Landry recruited PPD and MCSO Jail Intel informant Brandon Martin to commit perjury against me at trial.

71) On October 25, 2017, Spaulding and Landry moved me next to their informant Brandon Martin.

72) Although it is impossible to pass items in solitary, on November 8, 2017, Spaulding gave me an erroneous DAR for "passing items." She smiled and said, "What's a little ticket to a big killer like you?"

73) In March of 2018, Dahl disclosed Operation Fallen Eagle, which involved hundreds of hours of recordings and hundreds of pages of supplement reports of Felix, Parra, Bent, Davis, Loya, Atencia, Gomez, Verdin, Malast, Gonzales, Landry, Bailey, Doyle, Spaulding, Mendez and Davison's interpretation of the recordings. In one report Davison falsely wrote that on the day of the Evidentiary Hearing in March of 2016, "Mr. Hernandez went to court and told the judge he was in fear for his safety, so for safety concerns he was moved." This created the appearance that I requested protective custody. The report also falsely stated "Mr. Hernandez did an interview with Ellen Dahl and MCSO Jail Intel." This created the appearance that I was a snitch. This report was placed-unredacted-in to other detainees discovery, including but not limited to, Fernanda Cordova.

74) Around the same time, Spaulding and Landry wrote on DR falsely claiming I was "targeting snitches" because I sent portions of my discovery to a friend in Atlanta, Georgia.

## COUNT V (Continued)

75) Ironically, since my detention in 2010, Atencia, Davis, Parra and Davison have given my information to other detainees to include my name; date of birth; social security number; case number; allegations of my criminal cases, including my discovery; my adult and juvenile criminal records; copies of my incoming and outgoing mail; summaries of my jail phone calls; photos of me; as well as the names of my family and friends; their date of births; addresses; social security numbers; phone numbers and photos - including photos of my minor children. Over 100 detainees received this information - along with the lie that I am a snitch - some of whom were State witnesses against me in CR2010-110791, such as Angel Garcia. Garcia was accused of a sex crime involving a child in 2017. The charges were brought by Davis and Parra but later dismissed due to their misconduct; before dismissal and while Davis and Parra still believed Garcia was a sexual predator - they gave him photos of my children and the address where they live.

76) On September 5, 2018, Spaulding and Williamson attempted to interview me. I declined. Spaulding then asked if I wanted to be transitioned to General Population. I said, "Yes, as long as you don't house me around anymore of your informants." Spaulding then yelled loud so other inmates could hear, "I stopped using informants, you can't trust them motherfuckers but if you're scared, why don't you just go to protective custody." I ignored the comment and they left.

77) On September 12, 2018, Spaulding searched my cell, cut open my mattress, destroyed my property and said, "Don't fuck with me... I'm a bad bitch... I know more about you than you think." I was then moved to a new unit.

78) On September 13, 2018, Spaulding and Williamson gave me a DAR for folders given to me by my counsel, which were approved by MCSO officers. I explained this to them. Spaulding said, "Are you going to sign the fucking papers or not?" I said nothing, signed the DAR and they left.

79) On October 18, 2018, ███████ Spaulding wrote an IR falsely claiming I was being aggressive and combative towards Jail Intel Unknown Veschi. On October 20, 2018, before I learned Spaulding wrote the IR, I wrote a Grievance regarding Veschi and other officers conduct and remarks towards me on October 18, 2018. Since I had recording devices in my cell since 2015, I suggested the recordings be reviewed to see what was actually said.

80) On October 27, 2018, Lieutenant Art Alcala addressed the Grievance. Instead of investigating, Alcala said he did not want to know anything about recording devices in detainee cells because the less he knows, the better.

81) On October 31, 2018, Sergeant Unknown B0326 dismissed my Grievance and dismissively claimed, "Inmate is paranoid listening devices are in his cell."

82) In November of 2018, after my attorneys Taylor Fox and Natalee Segal filed subpoenas duces tecum

## COUNT V (Continued)

regarding officers conduct within MCSO, limited material was disclosed that was never known before and is outlined in this complaint.

83) On January 7, 2019, I submitted a comprehensive Grievance outlining these claims and was denied without a hearing by External Referee Scott Frye. The Grievance specifically stated that members of Jail Intel repeatedly moved me next to their informants such as Sean Chavez, Matthew Cheathum and Anthony Lechwiga. These informants would give false information on me and Atencia, Gomez and Spaulding would use this information to continue housing me in solitary.

84) In March of 2019, Spaulding, Landry and Williamson moved me next to Matthew Cheathum and Anthony Lechwiga. A few days later, Brandon Martin was placed in the cell next to me, by Spaulding and Sandoval.

85) On March 8, 2019, Landry, Spaulding and Williamson were found to have violated a detainees 1st Amendment Right in a seperate matter. The Honorable Danielle Viola found that Spaulding, Landry and Williamson illegally opened Thomas Bastian's legal mail, then read it, scanned it and shared it with the MCAO and FBI.

86) On March 13, 2019, Landry and Spaulding were called to testify in my case regarding their informant Martin. Landry and Spaulding refused to testify and both requested counsel.

87) In July of 2019, Sandoval attempted to have solitary confinement detainee Raymond Llamas "send word" to the General Population inmates, for them to harm me.

88) Around this same time, my attorney Josephine Bidwill informed me that my 651 page letter that I mailed her in March of 2019, outlining my issues, concerns, strategy and other attorney-client privileged communication, arrived torn open and tape closed, by Spaulding and Sandoval. ▇▇▇▇▇▇▇▇▇

4. Injury: Plaintiff realleges and incorporates by reference paragraphs 1-88 from COUNT V. The collective and intentional actions of: Hall, Atencia, Gomez, Marty, Landry, Spaulding and Davison writing false reports about me because I refused to talk to them without my attorney present; Atencia, Gomez, Marty, Loya, Gonzales, Davis, Parra, Landry and Spaulding harassing me because I refused to talk to them without my attorney present; Atencia, Davis, Loya, Gonzales, Parra, Seagraves, Bailey, Spaulding, Davison and Sandoval ▇▇▇ threatening me and attempting to harm me and have me killed because I refused to talk to them without my attorney present; ▇▇ Loya, Atencia, Gomez, Felix, Parra, Bent, Davis, Verdin, Malast, Gonzales, Landry, Bailey, Doyle, Spaulding, Seagraves, Mendez, Davison, Dahl and Montgomery placing warrantless microphones in and around my cell while I was

## COUNT V (Continued)

communicating with my attorneys and other detainees, because I refused to talk to them without my attorney present; and Atencia, Landry, Sandoval and Spaulding opening and reading my legal mail to my attorney, because I refused to talk to them without my attorney present, interfered with my right to counsel and access the Courts, while causing a chilling effect on my 1ST Amendment Right to associate and communicate with my attorney.

Lt. Art Alcala showed a deliberate indifference and allowed this harm to continue.

Gina Glover showed a deliberate indifference and allowed this harm to continue.

Blaine Gadow showed a deliberate indifference and allowed this harm to continue.

External Referee Scott Frye showed a deliberate indifference and allowed this harm to continue

Hall, Atencia, Gomez, Marty, Landry, Spaulding, Davison, Loya, Gonzales, Davis, Parra, Seagraves, Bailey, Sandoval, Felix, Verdin, Malast, Doyle, Mendez, Dahl, Montgomery, Alcala, Glover, Gadow and Frye knew what they were doing was harming me, therefore their actions were done with malice, prejudice and vindictiveness.

5. Administrative Remedies: A) Yes B) Yes C) Yes

D. Cause of Action                          COUNT VI

1. Constitutional Violation: Violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968 18 U.S.C. § 2510-2522 (Wiretap Act)

2. Issue: Government officers intercepting, recording and listening to my privileged and non privileged communications without a search warrant

3. Facts: 89) Plaintiff realleges and incorporates by reference paragraphs 1-88 from COUNT V.

4. Injury: Plaintiff realleges and incorporates by reference paragraphs 1-89 from COUNT VI. Loya, Atencia, Gomez, Felix, Parra, Bent, Davis, Verdin, Malast, Gonzales, Landry, Bailey, Doyle, Spaulding, Seagraves, Mendez, Davison, Dahl and Montgomery collectively and intentionally violated the Wiretap Act by placing warrantless microphones in and around my jail cell while I was a pre-trial detainee and intercepted, recorded and listened to my privileged communications with my legal team and non privileged communications with other detainees, before I went to trial in CR 2010-110791, interfering with my attorney-client communication and depriving me of my right to a fair trial, while causing a chilling effect on my right to communicate with my attorney.

Lt. Art Alcala showed a deliberate indifference and allowed this harm to continue.

Sgt. Unknown B0326 showed a deliberate indifference and allowed this harm to continue.

External Referee Rick Wilson showed a deliberate indifference and allowed this harm to continue.

External Referee Scott Frye showed a deliberate indifference and allowed this harm to continue.

Loya, Atencia, Gomez, Felix, Parra, Bent, Davis, Verdin, Malast, Gonzales, Landry, Bailey, Doyle, Spaulding, Seagraves, Mendez, Davison, Dahl, Montgomery, Alcala, Sgt. B0326, Wilson and Frye knew what they were doing was harming me, therefore their actions were done with malice, prejudice and vindictiveness.

5. Administrative Remedies: A) Yes B) Yes C) Yes

D. Cause of Action                    COUNT VII

1. Constitutional Violation: 4ᵀʰ Amendment of the United States Constitution

2. Issue: Government officers intercepting, recording and listening to my privileged and non privileged communications without a search warrant

3. Facts: 90) Plaintiff realleges and incorporates by reference paragraphs 1-89 from COUNT VI.

4. Injury: Plaintiff realleges and incorporates by reference paragraphs 1-90 from COUNT VII. Loya, Atencia, Gomez, Felix, Parra, Bent, Davis, Verdin, Malast, Gonzales, Landry, Bailey, Doyle, Spaulding, Seagraves, Mendez, Davison, Dahl and Montgomery collectively and intentionally violated my 4ᵀʰ Amendment Right to be free from illegal search and seizure by placing warrantless microphones in and around my jail cell while I was a pre-trial detainee and intercepted, recorded and listened to my privileged communications with my legal team and non privileged communications with other detainees, before I went to trial in CR2010-110791, interfering with my attorney-client communication and depriving me of my right to a fair trial, while causing a chilling effect on my right to communicate with my attorney.

Lt. Art Alcala showed a deliberate indifference and allowed this harm to continue.

Sgt. Unknown B0326 showed a deliberate indifference and allowed this harm to continue.

External Referee Rick Wilson showed a deliberate indifference and allowed this harm to continue.

External Referee Scott Frye showed a deliberate indifference and allowed this harm to continue.

Loya, Atencia, Gomer, Felix, Parra, Bent, Davis, Verdin, Malast, Gonzales, Landry, Bailey, Doyle, Spaulding, Seagraves, Mendez, Davison, Dahl, Montgomery, Alcala, Sgt. B0326, Wilson and Frye knew what they were doing was harming me, therefore their actions were done with malice, prejudice and vindictiveness.

5. Administrative Remedies: A) Yes B) Yes C) Yes

D. Cause of Action                    COUNT VIII

1. Constitutional Right: 4th Amendment of the United States Constitution

2. Issue: Malicious Prosecution

3. Facts: 91) Plaintiff realleges and incorporates by reference paragraphs 1-90 from COUNT VII.

92) The accusations in CR2010-110791, stem solely from Clint Davis' informant Martin Leon.

93) The police report in CR2010-110791 stated that Leon was a state and federal informant; I personally outed Leon as a "snitch"; and on December 29, 2009, a guy named Edward Bazar and I kidnapped Leon's family members in an effort to find Leon. Leon identified Bazar and I in seperate line-ups Davis provided that day.

94) Prior to my arrest, Leon and I were in a successful independent hip hop label called Phearless Records, that consisted of myself and other musical artists. As a whole, we wrote our own lyrics, composed our own beats and recorded our own music at the Sky Harbor Plaza in Phoenix. We also collaborated with other independent and mainstream artists in the genre. We sold disks of our music to the general public in a street vendor fashion at live concerts and over the internet. Over the years, my Myspace, Facebook and YouTube accounts have all been to promote my music under my stage name "Lil Chico" and all of my accounts were named "Officiallilchico."

95) I never committed the crime in CR2010-110791; I was never involved in any illegal activity with anyone from Phearless Records; I never had knowledge of Leon's criminal activities; and I never met Bazar.

96) In 2011, 2012, 2013, 2014 and 2015, my counsel Taylor Fox ~~xxxx~~ diligently requested the following in courtesy emails to the prosecutor and Motions to Compel to the Court: Leon's informant file; the names and recorded interviews of Leon's family members who were kidnapped; Leon's interview; my interview; and Bazar's interview. This information was requested for impeachment purposes in preperation of trial in CR2010-110791.

97) The State responded that no interviews existed, no files existed and Leon was not an informant.

98) Since my detention, I have maintained my career through the internet, with a YouTube account that showcases songs and a Facebook account that showcases pictures and allows fans the opportunity to contact me.

99) On January 25, 2017, Dave Parra illegally searched and seized my digital social media accounts that contained my intellectual property. My accounts were never disclosed in discovery; and these seizures were warrantless.

100) In 2017 and 2018, my counsel Taylor Fox and Natalee Segal diligently requested the following in courtesy emails to the prosecutor and Motions To Compel to the Court: Leon's informant file; the names and recorded interviews of Leon's family members who were kidnapped; Leon's interview; my interview; ~~and~~ Bazar's interview; and any

## COUNT VIII (Continued)

information that Phearless Records was involved in illegal activity. This information was requested for impeachment purposes in preparation of trial in CR2010-110791.

101) the State responded that no interviews existed, no files existed and Leon was not an informant.

102) In late 2018, my counsel Taylor Fox and Natalee Segal came across a seperate PPD case that outlined Leon's role as an informant. Shortly after, my counsel presented this evidence to the Court.

103) The prosecutor avowed to the Court that this information was never disclosed to the MCAO by the case agent Davis, and they would obtain this information from Davis immediately.

104) Around December of 2018, Davis disclosed the following in CR2010-110791: Leon's massive informant file for the PPD that spanned a decade and contained hundreds of pages of reports and thousands of hours of audio recordings; my recorded interview upon arrest that was altered, editing out the parts where Davis made disparaging remarks towards me, but showing that I repeatedly requested counsel and remained silent.

105) Davis did not disclose Leon's recorded interview; the names and recorded interviews of Leon's family members who were kidnapped; Bazan's recorded interview; and Leon's federal informant file.

106) On January 28, 2019, Davis finally admitted to my counsel Taylor Fox and Natalee Segal regarding CR2010-110791; that he never interviewed Leon's family members who were allegedly kidnapped; he never interviewed, investigated or arrested Bazan; and Leon was an informant in exchange for his freedom - so if he did not have people arrested, he would go to prison for pending state and federal charges.

107) In July of 2019, the charges in CR2010-110791 were dismissed, but the damage this case has caused is long lasting.

4. Injury: Plaintiff realleges and incorporates by reference paragraphs 1-107 from COUNT VIII. The actions by Davis violated my 4TH Amendment Right to be free from ~~unreasonable search and seizure~~ malicious prosecution. Davis actions have led to my false imprisonment for nine and a half years, depriving me of my personal liberty by accusing me of the accusations in CR2010-110791, which led to my detention in a maximum security facility notorious for its violent inmates and guards. Davis has physically injured me, by placing me in this jail all these years my legs have shriveled due to the limited mobility in this jail, the lack of sunlight in this jail and the lack of tennis shoes in this jail to engage in recreational activity. I suffered locked down for 23 hours a day in an illuminated cell all by myself, with almost no physical human contact other than detention officers feeding me or shackling me for court. I was forced to watch my children grow through a screen

## COUNT VIII (Continued)

connected to a telephone while being deprived of the ability to use the phone longer than one hour a day; attend educational, rehabilitative and parenting programs; watch television; associate with other detainees; eat meals with other detainees; receive a haircut by someone; attend outdoor recreation in a congregate setting with the ability to play sports; and I have gone without the most basic acts of humanity, such as receiving a hug from another human being. Davis actions have caused psychological distress, such as anxiety, confused thought process, emotional flatness, social withdrawal, oversensitivity to stimuli and paranoia. Davis actions have caused me to lose contact with family and friends. Davis actions have caused mental and emotional injury, such as depression and I have recently been diagnosed Severely Mentally Ill. Davis actions have caused me to be ████████████ publically humiliated because my arrest was broadcasted on valley wide news stations, in the Phoenix New Times, over the internet, and I was housed in a jail that conducted weekly tour groups of children and adults who would walk by my cell staring, pointing and laughing at me. Davis actions have caused me financial injury, as I no longer have a way to earn income, and the traffic ticket I was given by Davis upon arrest, has ruined my credit score, undoubtedly creating enormous roadblocks affecting my housing, transportation, education and other aspects of my re-integration back to society.

Davis showed a deliberate indifference and allowed this harm to continue.

Clint Davis knew his actions were harming me, therefore his actions were done with malice, prejudice and vindictiveness.

5. Administrative Remedies: A) Yes B) Yes c) Yes

D. Cause of Action                          COUNT IX

1. Constitutional Right: 4TH Amendment of the United States Constitution

2. Issue: Warrantless search and seizure of digital data and intellectual property

3. Facts: 108) Plaintiff realleges and incorporates by reference paragraphs 1-107 from COUNT VIII.

4. Injury: Plaintiff realleges and incorporates by reference paragraphs 1-108 from COUNT IX. The actions by Parra violated my 4TH Amendment Right when he searched and seized my digital data and intellectual property without a search warrant and his actions were not otherwise justified by exigent circumstances. Parra has financially injured me by taking away my livlihood, and since Parra is still in possession of my property and continuing to manipulate my accounts, I have been unable to interact with my fans, promote my music and/or sell my music to the general public in an effort to provide for my children during my detention. Dave Parra showed a deliberate indifference and allowed this violation to continue, and his actions were done with malice, prejudice and vindictiveness.

5. Administrative Remedies: A) Yes B) Yes c) Yes

D. Cause of Action                    COUNT X

1. Constitutional Right: 6th Amendment of the United States Constitution

2. Issue: Access To The Courts

3. Facts: 109) Plaintiff realleges and incorporates by reference paragraphs 1-108 from COUNT IX.

4. Injury: Plaintiff realleges and incorporates by reference paragraphs 1-109 from COUNT X. The individual and collective actions of: Hall, Atencia, Gomez, Marty, Landry, Spaulding and Davison violated my 6th Amendment Right to counsel, by writing false reports about me and placing those reports in my inmate file which affect my good time credits and release, because I refused to talk to them without my attorney present; Atencia, Gomez, Marty, Loya, Gonzales, Davis, Parra, Landry and Spaulding violated my 6th Amendment Right to counsel, by harassing me because I refused to talk to them without my attorney present; Atencia, Davis, Loya, Gonzales, Parra, Seagraves, Bailey, Spaulding, Davison and Sandoval violated my 6th Amendment Right to counsel, by threatening me and attempting to harm me and have me killed because I refused to talk to them without my attorney present; Loya, Atencia, Gomez, Felix, Parra, Bent, Davis, Verdin, Malast, Gonzales, Landry, Bailey, Doyle, Spaulding, Seagraves, Mendez, Davison, Dahl and Montgomery violated my 6th Amendment Right to counsel, by placing warrantless microphones in and around my jail cell while I was communicating with my attorneys and other detainees, giving them an unfair advantage prosecuting me; and Atencia, Landry, Sandoval and Spaulding violated my 6th Amendment Right to counsel by opening and reading my legal mail to my attorney because I refused to talk to them without my attorney present - and interfered with my right to access the courts and chilled the protected communications with my attorneys as they no longer write me letters, give me discovery of my case, discuss important matters of my case over the jail phone or jail cell legal visits and now play white noise loudly over our conversations, in case officers are listening to our communications.

Lt. Art Alcala showed a deliberate indifference and allowed this harm to continue.

Gina Glover showed a deliberate indifference and allowed this harm to continue.

External Referee Scott Frye showed a deliberate indifference and allowed this harm to continue.

Hall, Atencia, Gomez, Marty, Landry, Spaulding, Davison, Loya, Gonzales, Davis, Parra, Seagraves, Bailey, Sandoval, Felix, Verdin, Malast, Doyle, Mendez, Dahl, Montgomery, Alcala, Glover and Frye knew what they were doing was harming me, therefore their actions were done with malice, prejudice and vindictiveness.

5. Administrative Remedies: A) Yes B) Yes C) Yes

(12-A)                                    (24 of 29)

D. Cause of Action                    COUNT XI

1. Constitutional Right: 6ᵀᴴ Amendment of the United States Constitution

2. Issue: Access To The Courts

3. Facts: 110) Plaintiff realleges and incorporates by reference paragraphs 1-109 from COUNT X.

4. Injury: Plaintiff realleges and incorporates by reference paragraphs 1-110 from COUNT XI. Davis intentionally violated my 6ᵗʰ Amendment Right by blocking my access to the courts by refusing to investigate exculpatory evidence, withheld exculpatory evidence and/or refused to disclose exculpatory evidence in CR2010-110791 for over nine years, depriving me of my personal liberty while I was forced to survive in a maximum security facility notorious for its violent inmates and guards. Davis has physically injured me, by placing me in this jail all these years my legs have shriveled due to the limited mobility in this jail, the lack of sunlight in this jail and the lack of tennis shoes in this jail to engage in recreational activity. I suffered locked down for 23 hours a day in an illuminated cell all by myself, with almost no physical human contact other than detention officers feeding me or shackling me for Court. Davis has caused psychological distress, such as anxiety, anxiety, confused thought process, emotional flatness, social withdrawl, oversensitivity to stimuli and paranoia. Davis has caused mental and emotional injury, such as depression and I have been recently diagnosed Severely Mentally Ill. Davis caused me to be publicaly humiliated because my arrest was broadcasted on valley wide news stations, in the Phoenix New Times, over the internet and I was housed in a jail that conducted weekly tour groups of children and adults who would walk by my cell staring, pointing and laughing at me. Davis has caused me financial injury, as I no longer have a way to earn income and the traffic ticket I was given upon arrest has ruined my credit score, undoubtedly creating enormous roadblocks affecting my housing, transportation, education and other aspects of my re-integration back to society.

Clint Davis showed a deliberate indifference and allowed this harm to continue.

Davis knew his actions were harming me, therefore his actions were done with malice, prejudice and vindictiveness.

5. Administrative Remedies: A) Yes B) Yes C) Yes

D. Cause of Action                    COUNT XII

1. Constitutional Right: 8ᵗʰ Amendment of the United States Constitution

2. Issue: Cruel and Unusual Punishment

3. Facts: 111) Plaintiff realleges and incorporates by reference paragraphs 1-110 from COUNT XI.

4. Injury: Plaintiff realleges and incorporates by reference paragraphs 1-111 from COUNT XII. Spurgin, Gomez, Marty, Spaulding, Atencia, Loya, Sandoval, Verdin, Gonzales, Malast, Landry, Williamson and Glover have knowingly and intentionally violated my 8ᵗʰ Amendment Right by placing me in solitary as punishment for refusing to be an informant, restricting my limited liberty and physically injuring me because my legs have shriveled due to the duration and limited mobility in solitary. Atencia, Spaulding, Glover and Frye have knowingly and intentionally violated my 8ᵗʰ Amendment Right by refusing to release me from solitary as punishment for refusing to speak with the agency that arrested me, without my attorney present, restricting my liberty and physically injuring me because my legs have shriveled due to the duration and limited mobility in solitary. Hall, Atenga, Gadow, Gomez, Marty, Landry, Spaulding and Davison have knowingly and intentionally violated my 8ᵗʰ Amendment Right by falsify reports to keep me incarcerated and in isolation as punishment for refusing to be an informant, restricting my limited liberty and physically injuring me because my legs have shriveled due to the duration and limited mobility in solitary. Atencia, Gomez, Marty, Loya, Gonzales, Davis, Parra, Landry, Spaulding and Sandoval have knowingly and intentionally violated my 8ᵗʰ Amendment Right by harassing me, labeling me a switch, threatening my life and attempting to recruit detainees to harm or kill me as punishment for refusing to be an informant, causing me distress such as anxiety, confused thought process, emotional flatness and nightmares of being attacked by the police and inmates.

Gina Glover showed a deliberate indifference and allowed this harm to continue.

External Referee Scott Frye showed a deliberate indifference and allowed this harm to continue.

Spurgin, Gomez, Marty, Spaulding, Atencia, Loya, Sandoval, Verdin, Gonzales, Malast, Landry, Williamson, Glover, Hall, Gadow, Davison, Davis and Frye knew what they were doing was harming me, therefore their actions were done with malice, prejudice and vindictiveness.

5. Administrative Remedies: A) Yes B) Yes c) Yes

D. Cause of Action                     COUNT XIII

1. Constitutional Right: 14ᵀᴴ Amendment of the United States Constitution

2. Issue: Officers failure or refusal to investigate exculpatory evidence and disclose the evidence to prosecutors

3. Facts: 112) Plaintiff realleges and incorporates by reference paragraphs 1-111 from COUNT XII.

4. Injury: Plaintiff realleges and incorporates by reference paragraphs 1-112 from COUNT XIII. Davis violated my 14ᵀᴴ Amendment Right to due process knowingly and intentionally by accusing me of the allegations in CR 2010-116791, then failing and/or refusing to investigate exculpatory evidence and/or disclose that evidence to prosecutors, which led to my false imprisonment for almost a decade, in a maximum facility notorious for its violent inmates and guards. Davis' actions have physically injured me, by placing me in this jail all these years, ~~and~~ my legs have lost muscle and shriveled due to the limited mobility and lack of tennis shoes to engage in recreational activity. For almost ten years I suffered in the jail's solitary confinement units lock down for 23 hours a day in an illuminated cell all by myself, with almost no physical human contact other than detention officers feeding me or shackling me for Court. I have been forced to watch my children grow through a monitor connected to a telephone while being deprived of the ability to use the phone for longer than one hour a day; attend educational, rehabilitative and parenting programs; watch television; associate with other detainees; eat meals with other detainees; receive a haircut by someone; attend outdoor recreation in a congregate setting with the ability to play sports; and I have gone without the most basic acts of humanity, such as receiving a hug from another human being. Davis' actions have caused psychological distress, such as anxiety and paranoia. Davis' actions have caused mental and emotional injury, such as depression and I have recently been diagnosed Severely Mentally Ill. Davis' actions have caused me to be publically humiliated because my arrest was broadcasted on valley wide news stations, in the Phoenix New Times, over the internet, and I was housed in a jail that conducted weekly tour groups of children and adults who would walk by my cell staring, pointing and laughing at me. Davis' actions have also cost me financial injury, as the traffic ticket has ruined my credit and the arrest has left me with no generating income.

Blaine Gadow showed a deliberate indifference and allowed this harm to continue.

Clint Davis knew his actions were harming me, therefore his actions were done with malice, prejudice and vindictiveness.

5. Administrative Remedies: A) Yes B) Yes C) Yes

D. Cause of Action                    COUNT XIV

1. Constitutional Right: 14ᵗʰ Amendment of the United States Constitution

2. Issue: Warrantless search and seizure of digital data and intellectual property without any type of due process

3. Facts: 113) Plaintiff realleges and incorporates by reference paragraphs 1-112 from COUNT XIII.

4. Injury: Plaintiff realleges and incorporates by reference paragraphs 1-113 from COUNT XIV. The actions by Parra violated my 14ᵗʰ Amendment Right when he searched and seized my digital data and intellectual property without a search warrant and without any type of due process, denying me my substantive and procedural due process rights and his actions were not otherwise justified by exigent circumstances. Parra has financially injured me by taking away my livlihood, and since Parra is still in possession of my property and continuing to manipulate my accounts, I have been unable to interact with my fans, promote my music and/or sell my music to the general public in an effort to provide for my children during my detention. Dave Parra showed a deliberate indifference and allowed this violation to continue, and his actions were done with malice, prejudice and vindictiveness.

5. Administrative Remedies: A) Yes B) Yes C) Yes

### E.   REQUEST FOR RELIEF

State the relief you are seeking:

WHEREFORE, plaintiff respectfully prays that this Court enter judgment granting plaintiff the following in each count:

A) Full and fair compensatory damages in an amount to be determined by a jury;

B) Punitive damages in an amount to be determined by a jury;

C) Reasonable attorney fees and costs of this action; and

D) Any such other relief as appears just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___February 20, 2020_____          _____

                DATE                                    SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.